UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

SUSHMA MALHOTRA and JAG
BHUSHAN MALHOTRA,

           **Plaintiffs,**

      - against -

ABID RASHID and LYFT, Inc.,

           **Defendants.**

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/22/16_

**MEMORANDUM
OPINION AND ORDER**

**15-cv-7902 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       On October 6, 2015, plaintiffs brought this action against Lyft, Inc.

("Lyft"), a car service, and Abid Rashid, a Lyft driver, in connection with a car

accident allegedly caused by Rashid. Plaintiffs, Indian citizens, brought this

diversity action seeking damages for injuries they both sustained. Defendants now

move this Court, purportedly under Rule 20(a) of the Federal Rules of Civil

Procedure, to join Carol Shainswit, the passenger in Rashid's vehicle at the time of

the car accident who has brought a separate action against defendants in New York

state court, as a plaintiff in this action. Such joinder would destroy this Court's

diversity jurisdiction; defendants further move the Court to remand the action to

state court. Although this is one of the more novel attempts to distort federal

-1-

procedure for tactical purposes this Court has seen, the Rules do not permit the course of action defendants desire.  Defendants' motion must be DENIED.

## I.     BACKGROUND

On June 8, 2015, Shainswit used the Lyft mobile application[1] to request a ride, and was matched with Rashid.[2]  Rashid picked up Shainswit and began to transport her to her intended destination.[3]  Rashid then lost control of his vehicle, which mounted the curb of the southeast corner of 59th Street and 5th Avenue and struck the plaintiffs, causing them and Shainswit injury.[4]  Shainswit, a New York resident, filed suit against Lyft and Rashid in New York state court. Plaintiffs brought suit here.

## II.    DISCUSSION

Rule 20(a) of the Federal Rules of Civil Procedure reads, *inter alia*:

(a) Persons Who May Join or Be Joined.
(1) Plaintiffs. Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to

---

[1]     Lyft provides a mobile application and platform matching individuals seeking transportation with drivers willing to provide said transportation.

[2]     *See* Complaint ¶ 32.

[3]     *See id.* ¶¶ 32-35.

[4]     *See id.* ¶ 36.

or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

(2) Defendants. Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

In short, the Rule describes a procedure by which litigants may join additional parties in a pending federal action. It does not authorize a federal court to join a state court action with a federal court action. Furthermore, as the plain text of the Rule makes clear, a permissive joinder of plaintiffs under Rule 20 is accomplished at the option of the plaintiffs themselves — it cannot be compelled by defendants.[5] Rule 20 cannot be utilized to accomplish what defendants desire to accomplish: effective removal of Shainswit's action to federal court, thereby destroying diversity and forcing the Malhotras to proceed in state court.

In defense of their position, defendants present a handful of cases where the

---

[5]     *Compare* Fed. R. Civ. P. 20(a)(1) ("Persons *may join* in one action as plaintiffs . . . .") *with* Fed. R. Civ. P. 20(a)(2) ("Persons . . . *may be joined* in one action as defendants . . . .") (emphasis added).

-3-

court ordered joinder of nondiverse defendants and remand to state court under Rule 20(a). In each of these cases, however, the plaintiff's original state court action had been removed to federal court, and the plaintiff then moved to join a nondiverse party (generally a nondiverse defendant by way of an amended pleading) and remand the action to state court.[6] Far from supporting defendants' interpretation of Rule 20(a), these cases stand for the straightforward proposition that parties may be joined in accordance with the terms of Rule 20(a) and, if such permissive joinder deprives a federal court of subject matter jurisdiction, the court must remand the case to state court. The defendants provide no case, and this Court is aware of none, where a federal court applied Rule 20(a) to force a state court plaintiff into federal court for the purpose of destroying diversity, thereby ejecting the federal plaintiffs into state court when diversity jurisdiction was destroyed.. Simply stated, defendants ask this Court to perform a procedural

---

[6]    The case on which defendants principally rely, *J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:12-cv-04103, 2012 WL 4442518 (S.D. West Va. Sept. 25, 2012), is inapposite. In *J.C.*, nineteen plaintiffs brought a single complaint against Pfizer in West Virginia state court. A state local rule required each plaintiff to be assigned a separate case number and be charged a separate civil action filing fee; on this basis, Pfizer removed eighteen of the nineteen plaintiffs — leaving only the nondiverse plaintiff behind. These eighteen separate actions were promptly consolidated in federal court. There, the eighteen removed plaintiffs argued — and the court determined — that administrative rules notwithstanding, the plaintiffs had filed a single action with a single complaint in state court, and the eighteen diverse plaintiffs had been erroneously removed. The court remanded the action.

maneuver not permitted — indeed, not even contemplated — by the Federal Rules of Civil Procedure.  I decline to do so.

## III.    CONCLUSION

For the foregoing reasons, defendants' motion is DENIED.  The Clerk of the Court is ordered to close this motion (Dkt. No. 24).  A conference is scheduled for April 12 at 4:30 p.m..

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              March 22, 2016

## -Appearances-

**For Plaintiffs:**

Donald D. Goldberg, Esq.
Goldberg & Lasson
26 Court Street, Suite 2100
Brooklyn, NY 11226
(718) 858-4915

**For Defendant Rashid Abid:**

Marjorie E. Bornes, Esq.
1 Metrotech Center North, 8th Floor
New York, NY 10001
(212) 857-8252

**For Defendant Lyft, Inc.:**

David L. Rosenthal, Esq.
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, NY 10005
(212) 232-1300